*Watts & Lobdell* for the defendant.

---

## KLING vs. FISH

APPEAL from the court of the second district.

PORTER, J., delivered the opinion of the court. The plaintiff claimed of the defendant a tract of land, who pleaded that he held it as lessee of Wade Hampton, and prayed to be

In an action against the lessor, see, the cause is not terminated by his citing the lessor in warranty.

VOL. IV. (N. S.)          50

dismissed from the suit. The court refused the application on two grounds: *First*, because the defendant should not only have named his lessor, but have cited him in warranty; and, *Second*, because a citizen of this state was not obliged to follow the lessor in another state.

This subject has been already before the court, but the question of law arising out of it, did not receive a decision, in consequence of one of the judges having been of counsel in the cause, and another having at that trial, an interest in the decision of the question.

It is one of some importance: the difficulty in deciding it, proceeds from the language used by the legislature in the provision which they have made for cases of this kind. The words of the Code are, " If the person by whom these acts of disturbance has been committed, pretends to have a right to the thing leased, or if the lessee is cited to appear before a court of justice, to answer the complaint of the persons thus claiming the whole, or a part of the thing leased, or claiming some species of services on the same, *he shall call the lessor in warranty,* and shall be dismissed, if

he wish it, *by naming the person* under whose right he possesses." *Civil Code*, 375, *art.* 25.

This article is taken verbatim from the 1727th of the Napoleon Code, and the true construction of it has been a subject of discussion in France : one of their most eminent writers states, that the obligation to call the lessor in warranty, and the right to be dismissed on naming him to the plaintiff, are dispositions which at first blush appear to destroy each other; for, if the lessee is to be put out of court the moment he names his lessor, he cannot be obliged to cite him in warranty, and, if he be obliged to cite him in warranty, it is not merely sufficient to name him to be put out of court. He endeavors to reconcile these provisions, by supposing that the obligation to call the lessor, is only in relation to him and for his benefit; but that, as it respects the plaintiff, it is enough that the lessor is named, in order to stop the suit against the lessee. This construction is far from being satisfactory ; more particularly, if it be true, as this writer contends, that the moment the lessor is named, suit must be abandoned or brought against him at his domicil, and that no judgment obtained against the

KLING
*vs.*
FISH.

lessee would affect the right of the person under whom he holds. If such be the consequence, it is not readily seen what interest the lessor has to be cited in warranty: he can neither be affected by the judgment, nor compelled to discuss his right before the tribunal which renders it. *Paillet's note on 1727th art. Code Napoleon.*

But the difficulty, in arriving at the true meaning of this article in France, arises in a great measure from the ancient law of that country being; that on naming the lessor, the lessee was put *hors de cause.* The obligation to call the lessor in warranty, is an entirely new provision, and the rules of construction require them to interpret it in relation to the former jurisprudence, and to give both effect if possible. It adds to their embarrassment there, that the new law cannot be considered as a repeal of the old, unless the provisions are so incompatible, that the one cannot stand with the other.

But no such difficulty arises with us in construing this enactment; for, our ancient law contained no such provision as the French, and it is in relation to the former that the statute must be interpreted; as in the case of

*Cottin* vs. *Cottin*, the words *viable* were ascertained by reference to the Spanish jurisprudence, not by that of France, from whose last code we had taken the article, under which the contest in that case arose.  5 *Martin*, 93.

By the 29th law of the 2d title of the 3d *Partida*, it is provided, that he who wishes to sue for the possession, or property of a thing, must bring his action against the person who has it in possession; and that the latter ought to defend the suit, unless he held it in the name of another. That then he ought to make known to the judge the name of the person for whom he held it, and ask for time to inform him of the suit, that he may come forward and make his defence; and that if he should not come, the judge ought to take the plaintiff's oath that he had not instituted the suit with evil intentions or motives, and thereon put him in possession of the thing claimed: which judgment forms the *res judicata* as to the possession, but leaves the right of property open for discussion.

By this law it is clear, that the suit did not cease by the lessee naming the lessor; that, on the contrary, it was the duty of the latter to appear in that court, and in that cause, and

defend his lessee's right, otherwise he lost the possession by a judgment rendered against the lessee.

Let us now see, whether this provision be repealed, and what is the true construction of the article of our Code in reference to it.

Our Code declares, that the lessee shall call the lessor in warranty, and shall be dismissed if he wishes it, by naming the person under whose right he possesses.

Now, according to the strictest rules of construction, and following the very letter of the law, the lessee is compelled to call the lessor in warranty : if he be, the natural inquiry is, for what purpose? The answer must be, for none, if the suit is to terminate by the lessee naming his lessor; but, a construction which brings us to the conclusion, that there was positive legislation for no purpose, cannot be adopted. *Lex neminem cogit ad vana.*

That purpose, however, is an important one, if we assume the law to mean, that the cause is to continue, and be contested with the party cited in warranty; and such construction is recommended to us by the consideration that, by adopting it, we suppose

the legislature meant something.   It is recom-

mended to us, by the obedience which we are
compelled to give to another cardinal rule
of construction, namely, to interpret laws so
that every part of them shall, if possible, have
effect.    But, if we say, that the lessee is to be
put *hors de cause*, and the suit dismissed, the
moment he names his lessor, then the obliga-
tion to call the latter in warranty is vain and
useless : if, on the contrary, we say that he
must call the lessor in warranty, and that upon
his appearing, the lessee shall be dismissed,
we give both clauses effect; we make our
new law harmonize with the old, and we pro-
mote the ends of justice.   For, can it be
believed, the legislature contemplated, that
citizens of other states could come into ours,
grant leases of our lands, and by enabling
these lessees to set up title under them, com-
pel us to follow the lessor and try our land
titles in one of our sister states, or in a foreign
country.   It would surely require a very clear
expression of legislative will, to enable the
court to come to such a lamentable conclu-
sion : it would put the whole landed property
of the country in the power of strangers; and
it is not difficult to believe, that such a privi-

lege would soon be generally used, and for the most iniquitous purposes.

But, without putting the construction we adopt under the protection of the argument *ab inconvenienti,* enough is found in the law itself, to support the conclusion that the lessor must be cited in warranty; and this necessarily supposes the cause to continue, for if it were to terminate by the lessor's being named, no such citation could be made.

If he does not appear when cited, the law already quoted, affords an equitable relief to the plaintiff by giving him possession, and leaving the question of title untouched.

If it be contended, that compelling the lessor to appear where the land is situated, might be a violation of the law which prohibits a man from being sued out of his parish. The reply would perhaps be, that it is very doubtful if this be any more a violation of the rule, than that of the vendor being cited in warranty by his vendee: in both instances, it might be urged, the action is against the party in possession, and he who puts him there may become a party to the suit or not, at his option. But that question does not arise here. It may be possible that the

lessor, if a resident of the state, can plead the exception; but the right to do so, is quite distinct from the obligation of the lessee to cite him in warranty, before he can be dismissed.

The judgment of the district court is confined to the possession, and leaves the question of title untouched: we think on the evidence produced, it is correct, and do therefore order, adjudge and decree, that it be affirmed with costs.

*Nicholls* for the plaintiff, *Porter* for the defendant.